1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

| | |
|---|---|
| JASON PIERCE, | Case No.: 3:24-cv-00085-MMD-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 10 |
| TONY MARCONATO, et al., | |
| Defendants | |

4

5

6

7

8

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief

9

United States District Judge. The action was referred to the undersigned Magistrate Judge

10

pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

11

Plaintiff, who is currently an inmate incarcerated within the Nevada Department of

12

Corrections (NDOC), has filed a first amended civil rights complaint (FAC) (ECF No. 10),

13

which the court now screens.

14

### I. SCREENING STANDARD

15

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time

16

if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal--

17

(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

18

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

19

§ 1915(e)(2)(A), (B)(i)-(iii).

20

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if

21

feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

22

which a prisoner seeks redress from a governmental entity or officer or employee of a

23

governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

1 cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

2 (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

3 monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

4       Dismissal of a complaint for failure to state a claim upon which relief may be granted is

5 provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

6 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

7 complaint under these statutes, the court applies the same standard as is applied under Rule

8 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

9 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

10 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

11       The court must accept as true the allegations, construe the pleadings in the light most

12 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

13 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

14 stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

15 (1980) (internal quotation marks and citation omitted).

16       A complaint must contain more than a "formulaic recitation of the elements of a cause of

17 action," it must contain factual allegations sufficient to "raise a right to relief above the

18 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

19 must contain something more … than … a statement of facts that merely creates a suspicion [of]

20 a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

21 plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

22 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23

1    A dismissal should not be without leave to amend unless it is clear from the face of the

2 complaint that the action is frivolous and could not be amended to state a federal claim, or the

3 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

4 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

5                                    **II. DISCUSSION**

6    Plaintiff's original complaint named Reno Police Department (RPD) Detective Tony

7 Marconato, as well as Washoe County and the RPD, and also mentioned the Sparks Police

8 Department (SPD). Plaintiff alleged that on January 17, 2023, Detective Marconato caused him

9 severe bodily injury by using excessive force during his arrest when he was restrained on the

10 ground and Detective Marconato kicked him in the head four times and hit Plaintiff with his fist.

11 He further alleged that there were a number of detectives and RPD and SPD that should have

12 intervened to stop the assault.

13    The court allowed Plaintiff to proceed with a Fourth Amendment excessive force claim

14 against Marconato, and the court permitted Plaintiff to seek leave to amend to proceed against

15 any Doe defendants on his claim of failure to intervene in the alleged use of excessive force once

16 he discovers the identity of those defendants. Finally, the court dismissed RPD, SPD, and

17 Washoe County with leave to amend, noting that the City of Reno, the City of Sparks, and

18 Washoe County might be proper defendants, but they may only be liable under certain

19 circumstances. (ECF No. 3.)

20    Specifically, the court advised Plaintiff that "[t]o impose liability on a municipality under

21 Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he

22 was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference

23 to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the

3

1  constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon*

2  *II*) (internal quotation marks and citation omitted).

3           On June 24, 2024, Plaintiff filed his FAC, naming as defendants RPD Detectives Tony

4  Marconato, Jaclyn Benvin, and Sean Jones, as well as the City of Reno.

5           Plaintiff alleges that on January 17, 2023, he was subdued by Jones and Benvin and

6  placed on the ground, face down, in the Eldorado Casino. Plaintiff was restrained and kept on the

7  floor while Marconato approached Plaintiff and kicked Plaintiff several times in his head and

8  punched his head with a closed fist. He avers that Jones and Benvin knew Marconato's behavior

9  was unreasonable, but they failed to intervene. Plaintiff suffered pain, headaches, dizziness, and

10 emotional distress as a result of the beating. Finally, he alleges that the City of Reno failed to

11 properly train and supervise Marconato, Benvin, and Jones.

12          Plaintiff mentions the Fourth and Eighth Amendments, but Plaintiff's claims regarding

13 the use of excessive force during an arrest and the failure to intervene arise under the Fourth

14 Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (claims of excessive force during

15 an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply

16 an "objective reasonableness" standard); *see also Peck v. Montoya*, 51 F.4th 877, 888-89 (9th

17 Cir. 2022) ("In some situations, the Constitution may impose on an officer a duty to intervene to

18 prevent an ongoing constitutional violation.").

19          Plaintiff should be allowed to proceed with his Fourth Amendment excessive force claim

20 against Marconato as well as his Fourth Amendment failure to intervene claim against Jones and

21 Benvin.

22

23

1   Plaintiff fails to state a claim against the City of Reno. While Plaintiff includes a single

2   allegation that the City of Reno failed to properly train or supervise Marconato, Jones, or Benvin,

3   Plaintiff does not include any *facts* to support such a claim.

4   "[A] local government can fail to train employees in a manner that amounts to 'deliberate

5   indifference' to a constitutional right, such that 'the need for more or different training is so

6   obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the

7   policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to

8   the need." *Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018) (quoting *City of*

9   *Canton v. Harris*, 489 U.S. 378, 390 (1989)).

10   A plaintiff must demonstrate that the municipality was deliberately indifferent to the

11   constitutional rights at issue. *City of Canton*, 489 U.S. at 392. For objective deliberate

12   indifference on the part of a municipality, there must be "a showing that the facts available to the

13   [municipal defendant] put it on 'actual or constructive notice' that its practices … were

14   'substantially certain to result in the violation of the constitutional rights of [its] citizens."

15   *Sandoval v. County of San Diego,* 985 F.3d 657 682 (9th Cir. 2021) (citing *Castro*, 933 F.3d at

16   1075). The municipal defendant must have actually caused the alleged deliberate indifference.

17   *City of Canton*, 489 U.S. at 391.

18   Plaintiff does not include any facts concerning the City of Reno's alleged failure to train

19   or supervise the other defendants. Nor does he include any averments that plausibly suggest an

20   alleged failure to train or supervise was the cause of the violation of Plaintiff's rights.

21   As Plaintiff has already had an opportunity to amend, the claim against the City of Reno

22   should be dismissed with prejudice.

23

5

Finally, the court notes that a summons was previously issued for defendant Marconato; however, the U.S. Marshals Service (USMS) advises the court that Plaintiff never returned the USM-285 form to their office for service. The court will recommend another summons be issued for Marconato, as well as for new defendants Benvin and Jones. Plaintiff should be given another 90 days from the date of any order adopting this Report and Recommendation to complete service as to each of the defendants. Plaintiff is advised that if he fails to return the USM-285 form, and/or if service is not completed within the 90 days, this action may be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Allowing Plaintiff to **PROCEED** with his Fourth Amendment excessive force claim against Tony Marconato and his Fourth Amendment failure to intervene claim against Jaclyn Benvin and Sean Jones.

(2) The City of Reno should be **DISMISSED WITH PREJUDICE**.

(3) Directing the Clerk of Court to **ISSUE** summonses for defendants Tony Marconato, Jaclyn Benvin, and Sean Jones, and **deliver the same**, to the USMS for service. The Clerk shall also be directed to **SEND** sufficient copies of the complaint and this Order to the USMS for service on these defendants. The Clerk should be directed to **SEND** to Plaintiff a USM-285 form. Plaintiff should be given **21 days** within which to furnish to the USMS the required USM-285 forms with relevant information for the defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the USMS a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court

1 | providing a more detailed name and/or address for service, or indicating that some other method

2 | of service should be attempted.

3 |     (4) Under Federal Rule of Civil Procedure 4(m), service on defendants Marconato, Jones

4 | and Benvin must be completed within **90 days** of the date of any order adopting this Report and

5 | Recommendation. If Plaintiff requires additional time to meet any of the deadlines set by the

6 | court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration

7 | of the deadline, and the motion must be supported by a showing of good cause. A motion filed

8 | after a deadline set by the court or applicable rules will be denied absent a showing of excusable

9 | neglect.

10 |     Plaintiff should be aware of the following:

11 |     1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

12 | this Report and Recommendation within fourteen days of being served with a copy of the Report

13 | and Recommendation. These objections should be titled "Objections to Magistrate Judge's

14 | Report and Recommendation" and should be accompanied by points and authorities for

15 | consideration by the district judge.

16 |     2. That this Report and Recommendation is not an appealable order and that any notice of

17 | appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

18 | until entry of judgment by the district court.

19 |

20 | Dated: July 19, 2024

21 |                            _____

                           Craig S. Denney

22 |                            United States Magistrate Judge

23 |