UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON PIERCE, | Case No. 3:24-cv-00085-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| TONY MARCONATO, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Jason Pierce, who is currently incarcerated within the Nevada Department of Corrections, filed a first amended complaint ("FAC") alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 10.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney screening the FAC and recommending that the Court (1) allow Plaintiff to proceed with his Fourth Amendment claims, (2) dismiss the City of Reno from the action with prejudice, and (3) direct the issuance of summonses. (ECF No. 12.) Objections to the R&R were due August 2, 2024. (*See id.*) To date, no objections have been filed. For this reason, and as further explained below, the Court will adopt the R&R.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

Judge Denney screens the FAC under 28 U.S.C. § 1915A. (ECF No. 12.) A complaint in an IFP action is subject to dismissal upon screening when the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §

1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6). When reviewing the adequacy of a complaint, the Court must accept its allegations as true and construe the pleading in the light most favorable to a plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted). Pierce alleges that he suffered severe bodily injury as a result of his arrest in January 2023. (ECF No. 10.) The Court previously screened Plaintiff's original complaint and allowed him to proceed with a Fourth Amendment excessive force claim against Reno Police Department ("RPD") Detective Tony Marconato, while also permitting him to seek leave to amend to proceed against Doe Defendants for failure to intervene if and when he discovered their identities. (ECF No. 3.) In its first screening order, the Court further dismissed Pierce's claims against RPD, Sparks Police Department ("SPD") and Washoe County with leave to amend, noting that these municipal entities might be proper defendants in a Section 1983 action, but only under certain circumstances. (*Id.*) Plaintiff subsequently filed his FAC, naming RPD Detectives Marconato, Benvin, and Jones as Defendants, as well as the City of Reno. (ECF No. 10.) Based on the facts Plaintiff alleges about the circumstances of his arrest, the Court agrees with Judge Denney that he adequately states a Fourth Amendment excessive force claim against Defendant Marconato, as well as Fourth Amendment claims for failure to intervene against Defendants Jones and Benvin.[1] (ECF No. 12 at 4-5.) *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Peck v. Montoya*, 51 F.4th 877, 888-89 (9th Cir. 2022).

The Court further agrees with Judge Denney that Pierce fails to state a claim against the City of Reno. (ECF No. 12 at 5.) Although Plaintiff alleges that the City of Reno failed to properly train or supervise Marconato, Jones, and Benvin, he does not make any factual allegations to support this assertion. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a Complaint must contain more than a "formulaic

---

[1] While Plaintiff refers to the Eighth, Fifth, and Fourteenth Amendments in the FAC, claims based on the use of excessive force during an arrest arise under the Fourth Amendment. *See Graham*, 490 U.S. at 395.

recitation of the elements of a cause of action"); *Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018) (noting that to hold a local government liable for deliberative indifference due to failure to train its employees, the inadequacy of the training must be obviously inadequate and "likely" to result in a violation of a constitutional right). Here, Plaintiff has alleged facts which, taken as true, plausibly support that the individual officers who arrested Pierce used excessive force—but no facts which suggest that this excessive force was related to any City of Reno policy, training or lack thereof. Plaintiff has already had an opportunity to amend his claims against municipal Defendants and was informed as to the standard for municipal liability under Section 1983. (ECF No. 3.) As a result, the Court dismisses Plaintiff's claims against the City of Reno. However, it will dismiss the claims without prejudice.

Finally, Judge Denney notes in the R&R that a summons was previously issued for Defendant Marconato but that, per the U.S. Marshals Service, Plaintiff never returned the required USM-285 form to their office for service. (ECF No. 12 at 6.) He recommends that the Court issue another summons for Defendant Marconato, as well as for Defendants Benvin and Jones. (*Id.*) The Court adopts this recommendation and gives Plaintiff 90 days from the date of this order to complete service as to each Defendant. Plaintiff is advised that if he fails to return the USM-285 form and/or if service is not completed within 90 days, this action may be dismissed without prejudice under Fed. R. Civ. P. 4(m).

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 12) is accepted and adopted.

It is further ordered that Plaintiff's Fourth Amendment claim for use of excessive force will proceed as alleged in the amended complaint (ECF No. 10) against Defendant Marconato.

It is further ordered that Plaintiff's Fourth Amendment claims for failure to intervene will proceed against Defendants Benvin and Jones.

It is further ordered that Defendant City of Reno is dismissed from this action without prejudice.

The Clerk of Court is directed to issue summonses for Defendants Marconato, Benvin, and Jones, and to deliver these to the U.S. Marshals Service along with copies of Plaintiff's amended complaint (ECF No. 10) and this order.

The Clerk of Court is further directed to send to Plaintiff copies of the USM-285 form for each remaining Defendant along with instructions.

It is further ordered that Plaintiff must furnish completed USM-285 forms with relevant information for each Defendant to 400 S. Virginia Street, 2nd Floor, Reno, Nevada 89501, within 21 days of receipt.

It is further ordered that upon receiving copies of the relevant USM-285 forms from the U.S. Marshals Service indicating that any Defendants were *not* successfully served, Plaintiff must file a motion with the Court within 20 days if he wishes service to be attempted again. In such a motion, he must provide a more detailed name and/or address for service or indicate that some other method of service should be attempted.

It is further ordered that under Fed. R. Civ. P. 4(m), service on Defendants Marconato, Jones and Benvin must be completed within 90 days of the date of this order. If Plaintiff requires additional time to meet any of the deadlines set by the Court, he must file a motion for extension of time under Local Rule 1 A 6-1 before the expiration of the deadline and must support the motion by a showing of good cause.

DATED THIS 16th Day of August 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE